FILED
MAY 2 2 2015
[signature]
CLERK

UNTIED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SIOUX RURAL WATER SYSTEM, INC., a Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the CITY OF WATERTOWN<br><br>Defendants. | Civ. 15-1023<br><br>**COMPLAINT** |

COMES NOW, Sioux Rural Water System, Inc. (hereinafter the "System"), and files this Complaint against of the City of Watertown (hereinafter the "City"), a South Dakota municipality, and Watertown Municipal Utilities, (hereinafter "Municipal Utilities") an agency of the City of Watertown.

### PRELIMINARY STATEMENT

1. This is an action for injunctive, declaratory, and monetary relief based on the City's and Municipal Utilities' violations of 7 U.S.C. § 1926(b), a law of the United States of America, that prohibits the City and Municipal Utilities from curtailing or attempting to curtail the System's federally recognized, exclusive water service franchise.

2. The System has standing to enforce 7 U.S.C. § 1926(b) through 42 U.S.C. § 1983 (the Civil Rights Act) and 28 U.S.C. §§ 2201-2201 (the Declaratory Judgment Act).

3. The System also seeks recovery of reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 1988 on all claims and causes of action set forth in this Complaint.

1

## PARTIES

4. The System is a South Dakota non-profit corporation in the business of supplying potable water to its customers, organized and operating under South Dakota law, with its principal place of business located in Codington County, South Dakota.

5. The City is a South Dakota municipality. The City may be served with summons pursuant to SDCL 15-6-4(d)(2)(ii) by serving its Mayor or any of its Commissioners at Watertown City Hall 23 Second Street, NE, Watertown, SD 57201, or wherever any one of them may be found.

6. Municipal Utilities is an agency of the City, created pursuant to South Dakota law, to control and operate the City's Municipal Utilities, including the supply of water.

## JURISDICTION

7. This Court has federal question jurisdiction over the claims and causes of action alleged in this Complaint, pursuant to 28 U.S.C. § 1331, as these claims and causes of action arise under federal law.

## VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. The System realleges all of the factual allegations contained in paragraphs 1 through 8 above as it set forth fully herein.

10. The System is a rural, non-profit water supply corporation, operating pursuant to, and in compliance with, South Dakota law.

11. The System has since its inception in 1974 maintained and operated a water system for the purpose of conserving, controlling, and distributing potable water to family farms, businesses, homes, pastures, and towns, in its service area.

12. The System has provided water service to areas directly adjacent to the City of Watertown since 1974. Many areas where the System has provided water service have been annexed by the City of Watertown since 1974, and many areas continue to be annexed by the City. Many customers of the System are now within the City's boundaries, through the City's annexation of such areas since 1974.

13. The System is also a federally indebted association under Farmers Home Administration and Department of Agriculture Loan Resolutions and Security Agreements dating back to the System's inception in 1974. Said indebtedness remains outstanding.

14. The City and Municipal Utilities, acting under color of state law, have attempted to encroach upon and curtail the System's ability to satisfy these federal loan resolution obligations. The City and Municipal Utilities have extended and continue to extend water supply service to the area served by the System, and to take customers and potential customers of the System. The City and Municipal Utilities have further expressed an unequivocal intention to continue to encroach upon and interfere with the area served by the System, and to continue to take existing and potential customers of the System.

15. The System's federal indebtedness creates an exclusive federal franchise under 7 U.S.C. § 1926(b) in favor of the System.

16. The System brings this action seeking declaratory, injunctive, and monetary relief against the City and Municipal Utilities.

17. The System has made service available to its customers within its service territory. The System has the legal right to serve, and the physical ability to serve, all of its existing customers within its service territory.

18. The System currently provides service to approximately 482 customers within a distance of three miles or less of the Watertown municipal boundaries.

19. The System has made service available to potential future customers within its service territory. Many of these potential customers are directly adjacent to the System's existing pipelines. The System has the legal right to serve, and the physical ability to serve, numerous future customers in its service territory.

20. The City and Municipal Utilities have used, attempted to use, and will continue to use its power of annexation under state law and City ordinances and resolutions to replace System as the potable water provider for existing and prospective customers in the System's federally protected service territory.

## COUNT 1
## VIOLATION OF 7 U.S.C. § 1926(b)

### Curtailment of Service to Past, Existing, and Prospective Customers and Enforcement Pursuant to 42 U.S.C § 1983

21. The System realleges all of the factual allegations contained in paragraphs 1 through 20 above as it set forth fully herein.

22. The City's and Municipal Utilities' above-described actions are prohibited by 7 U.S.C. § 1926(b). Any state law to the contrary is preempted under the Supremacy Clause of the United States Constitution. More specifically, Section 1926(b) prohibits any municipality or agency from curtailing or encroaching upon the service area of the System for so long as the System's federal indebtedness remains outstanding.

23. The System is protected by 7 U.S.C. § 1926(b) by reason of its indebtedness to the United States Government. The statute states:

> The Service provided or made available through any such Association shall not be curtailed or limited by inclusion of the area served by such association within the

4

> boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

24. 7 U.S.C. § 1926(b) prohibits the City or Municipal Utilities from exercising municipal powers to take customers, or to sell municipal or municipal utility water, and from placing conditions or restrictions on the service provided or made available by the indebted association, when the exercise of such powers would result in the curtailment or limitation of the service provided or made available by a federally indebted association. This prohibition applies to the taking of current, past, or prospective customers.

25. The City and Municipal Utilities have intentionally, knowingly, recklessly, and/or negligently taken customers, threatened to take customers, curtailed and encroached upon the System's service area and have unequivocally expressed an intention to indefinitely continue to take customers and to curtail and encroach upon the System's service area.

26. The System's federal indebtedness remains outstanding. Further, the System has adequate and present ability to serve the disputed area in question and has in fact made services available to said areas.

27. The City's and Municipal Utilities' above-described unlawful conduct has been committed under color of state law, ordinance, regulation, and/or policy established by the City's Board of Commissioners and Municipal Utilities' Board.  The City and Municipal Utilities justify their actions under the authority of various state statutes,

including SDCL 9-47-22 and SDCL 9-47-23. This conduct violates clearly established federal law, namely 7 U.S.C. § 1926(b).

28. As the direct and proximate result of the unlawful conduct described in this Complaint, the System has suffered injuries and damages by the actions of the City and Municipal Utilities by taking the System's customers.

29. The System has suffered injury in the form of lost revenue, lost future revenue, and an impaired ability to satisfy its obligations under its federal indebtedness.

30. Pursuant to 42 U.S.C. § 1983, the System seeks recovery of all general and special damages from the City and Municipal Utilities.

31. The System further seeks recovery of reasonable and necessary attorney's fees and costs, as permitted under 42 U.S.C. § 1988.

## COUNT 2

### Request for Declaratory Relief under 7 U.S.C. 1926(b) for Existing and Prospective Customers and Enforcement Pursuant to 42 U.S.C § 1983

32. The System realleges all of the factual allegations stated in paragraphs 1 through 31 above as it set forth fully herein.

33. In addition to the relief requested above, the System seeks, pursuant to 28 U.S.C. §§ 2201-2202, a judicial determination of the rights and liabilities of the parties hereto. More specifically, the System requests that this Court determine that the City and Municipal Utilities do not have any right under state law to take the System's customers. The System further seeks a judicial declaration that any state law authorizing the City or Municipal Utilities to take existing or future customers of the System, or to encroach upon or curtail the System's federally protected service area, is preempted by 7 U.S.C. § 1926(b) and the Supremacy Clause of the United States Constitution.

34. The System further alleges that the City's and Municipal Utilities above-described unlawful conduct has been committed under color of state law, ordinance, regulation, and/or policy established by the City's Board of Commissioners and Municipal Utilities' Board. The City and Municipal Utilities justify their actions under the authority of various state statutes, including SDCL 9-47-22 and SDCL 9-47-23. Said conduct violates clearly established federal law, namely 7 U.S.C. § 1926(b).

35. The System seeks declaratory relief and enforcement of 7 U.S.C. § 1926(b) pursuant to 42 U.S.C. § 1983 against the City and Municipal Utilities.

36. The System further seeks recovery of reasonable and necessary attorney's fees and costs, as permitted under 42 U.S.C. § 1988.

## COUNT 3
### Request for Injunctive Relief for Existing and Prospective Customers and Enforcement Pursuant to 42 U.S.C § 1983

37. The System realleges all of the factual allegations stated in paragraphs 1 through 36 above as it set forth fully herein.

38. In addition to the relief requested above, the System seeks an order permanently enjoining the City and Municipal Utilities from taking any of the System's current or future customers and to cease and desist with any present and/or future violations of 7 U.S.C. § 1926(b).

39. The City and Municipal Utilities are in the process of providing water service to a property located in the northwest corner of the intersection of Pheasant Ridge Road and U.S. Highway 212, in the City, directly adjacent to the pipelines of the System, and within the System's federally protected service territory. This property is the most recent incursion by the City and Municipal Utilities into the System's federally protected

service territory, and the latest effort to curtail the System's service, in violation of federal law.

40. Unless the City and Municipal Utilities are enjoined from depriving the System of rights incident to its federally protected franchise, the System will suffer irreparable harm in the form of lost territory, lost current and future customers, and impairment of its revenue, which is pledged to the United States Department of Agriculture.

41. The System has no adequate remedy at law.

42. The injury suffered by the System, if the City and Municipal Utilities are not so permanently enjoined, substantially outweighs any injury that would be occasioned upon the City and Municipal Utilities if a permanent injunction is issued.

43. Declared Congressional policy would be served through the issuance of a permanent injunction.

44. The System further alleges that the City's and Municipal Utilities' above-described unlawful conduct has been committed under color of state law, ordinance, regulation, and/or policy established by the City's Board of Commissioners and Municipal Utilities' Board. The City and Municipal Utilities justify their actions under the authority of various state statutes, including SDCL 9-47-22 and SDCL 9-47-23. Said conduct violates clearly established federal law, namely 7 U.S.C. § 1926(b).

45. The System seeks injunctive relief and enforcement of 7 U.S.C. § 1926(b) pursuant to 42 U.S.C. § 1983 against the City and Municipal Utilities.

46. The System further seeks recovery of reasonable and necessary attorney's fees and costs, as permitted under 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that the Defendants be served with summons to appear and answer, and upon answer and trial, that this Court enter judgment as follows:

1. A declaration that the Defendants' actions as described in this Complaint are violations of 7 U.S.C. §1926(b) and further that any state law purporting to give the Defendants the power to take the System's existing customers or to provide water in the System's service area be declared preempted under the Supremacy Clause of the United States Constitution;

2. For an injunction against the Defendants, restraining them from taking existing or future customers and further restraining the Defendants from selling water within the System's service territory, and permanently enjoining the Defendants from encroaching upon, interfering with, and/or curtailing the rights incident to the System's exclusive federal franchise;

3. For a money judgment for all damages sustained as the result of the Defendants' violations of federal law and wrongful actions;

4. For the System to be awarded reasonable and necessary attorney's fees in this matter;

5. For the System to be awarded court costs; and

6. That the System be awarded all other relief, at law or in equity, that justice requires.

Dated this 22 day of May, 2015.

                        ZIMMER, DUNCAN & COLE, LLP
                        Attorneys at Law

                        _____
                        Jeff Cole
                        William D. Sims
                        5000 S. Broadband Ln. Suite 119
                        Sioux Falls, SD  57108
                        Telephone:  (605) 361-9840
                        *Attorneys for Plaintiff*