UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |
|---|---|
| SIOUX RURAL WATER SYSTEM, INC., a Non-Profit Corporation | Civ. 15-1023 |
| Plaintiff, | |
| -vs- | **A N S W E R** |
| CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the CITY OF WATERTOWN, | |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The defendants, for their answer and responsive pleading to the plaintiff's Complaint, state:

## FIRST DEFENSE

Deny each and every matter, allegation and thing set out in the Complaint, except such matters as are hereinafter expressly admitted.

## SECOND DEFENSE

Answering the specific allegations of the Complaint, the defendants:

1.   Due to the nature of the allegations set forth in paragraph 1 of the Complaint, no responsive pleading is necessary.

2.   Deny the allegations set forth in paragraph 2.

   3. Due to the nature of the allegations set forth in paragraph 3, no responsive pleading is necessary.

   4. Admit the allegations set forth in paragraph 4.

   5. Admit the allegations set forth in paragraph 5.

   6. Admit the allegations set forth in paragraph 6.

   7. Admit the allegations set forth in paragraph 7.

   8. Admit the allegations set forth in paragraph 8.

   9. Due to the nature of the allegations set forth in paragraph 9, no responsive pleading is necessary.

   10. As to the allegations set forth in paragraph 10:

 A. Admit that the System is a rural, non-profit water supply corporation; and

 B. Are without sufficient information at this time to know whether the System is operating pursuant to, and in compliance with, South Dakota law.

   11. Admit the allegations set forth in paragraph 11.

   12. As to the allegations set forth in paragraph 12:

 A. Admit that the City of Watertown has annexed certain property since 1974; and

 B. Assert that the defendants have no idea how many customers of the System or former customers of the System are currently within the City limits.

   13. Are without sufficient information to admit or deny the allegations set forth in paragraph 13.

14.   Deny the allegations set forth in paragraph 14.

15.   Deny the allegations set forth in paragraph 15.

16.   Due to the nature of the allegations set forth in paragraph 16, no responsive pleading is necessary.

17.   Deny the allegations set forth in paragraph 17.

18.   Are without sufficient information to admit or deny the allegations set forth in paragraph 18.

19.   As to the allegations set forth in paragraph 19:

A.   Assert that the System has likely made service available to potential future customers within its service territory;

B.   Assert that the System cannot provide adequate service to all customers located within what it claims to be its service area; and

C.   Assert that the System's "service area", as it defines that term, does not equate with the area that the System has the legal right to serve under South Dakota law.

20.   As to the allegations set forth in paragraph 20:

A.   Asserts that the City has annexed various property since the 1970's; and

B.   Denies that the defendants have or will annex any property for the purpose of "replacing" the System as the supplier of water to a customer.

3

21.   Due to the nature of the allegations set forth in paragraph 21, no responsive pleading is necessary.

22.   Denies the allegations set forth in paragraph 22.

23.   Is without sufficient information to admit or deny the allegations set forth in paragraph 23.

24.   Denies the allegations set forth in paragraph 24.

25.   Denies the allegations set forth in paragraph 25.

26.   Denies the allegations set forth in paragraph 26.

27.   Denies the allegations set forth in paragraph 27.

28.   Denies the allegations set forth in paragraph 28.

29.   Denies the allegations set forth in paragraph 29.

30.   As to the allegations set forth in paragraph 30, the City denies the System is entitled to any recovery under 42 U.S.C. § 1983.

31.   As to the allegations set forth in paragraph 31, the City denies the System is entitled to any recover under 42 U.S.C. § 1988.

32.   Due to the nature of the allegations set forth in paragraph 32, no responsive pleading is necessary.

33.   As to the allegations set forth in paragraph 33:

A.   To the extent the System seeks to have any state statutes declared void or invalid, the System has failed to notify the Attorney General of the State of South Dakota of the same and should be required to do

4

so and, pursuant to Federal Rule of Civil Procedure 19, has failed to join the State of South Dakota, which is an indispensable party to a proceeding seeking to declare state statutes void or invalid; and

B.   Denies that 7 U.S.C. § 1926(b) is contrary to any South Dakota state law or preempts any South Dakota state law as it relates to the activities of the System or the laws that relate to the System's "territory", as the System defines that term.

34.   Denies the allegations set forth in paragraph 34.

35.   As to the allegations set forth in paragraph 35, deny they have violated 7 U.S.C. § 1926(b) or that the System is entitled to any relief under 42 U.S.C. § 1983.

36.   As to the allegations set forth in paragraph 36, deny that the System is entitled to any relief under 42 U.S.C. § 1988.

37.   Due to the nature of the allegations set forth in paragraph 37, no responsive pleading is necessary.

38.   As to the allegations set forth in paragraph 38:

A.   Deny that the System is entitled to a permanent injunction on the basis that the System must show entitlement to the protections afforded by 7 U.S.C. § 1926(b) at the time a prospective customer seeks water service; and

5

B.   A blanket permanent injunction would create the very
monopoly of service which would subject the customers
or purported customers of the System to the very harm
sought to be avoided by the passage of 7 U.S.C. §
1926(b).

39.   As to the allegations set forth in paragraph 39:

A.   Deny that they are in the process of providing water
service to a property located in the northwest corner
of the intersection of Pheasant Ridge Road and U.S.
Highway 212;

B.   Assert that the System is likely talking about a
customer located on the northeast corner of the inter-
section of Pheasant Ridge Road and U.S. Highway 212;

C.   Assert that the customer located in that location is
the owner of property that is not located with the
City;

D.   Further assert that the customer referred to in para-
graph 39 has requested service from the System and the
System has informed the customer that it cannot ade-
quately meet the customer's needs; and

E.   The defendants have taken no actions to "curtail" the
System's service with respect to the individual or
entity in question.

40.   Deny the allegations set forth in paragraph 40.

6

41.  Deny the allegations set forth in paragraph 41.

42.  Deny the allegations set forth in paragraph 42.

43.  Deny the allegations set forth in paragraph 43.

44.  Deny the allegations set forth in paragraph 44.

45.  Deny the allegations set forth in paragraph 45.

46.  As to the allegations set forth in paragraph 46, deny any entitlement to costs or attorney's fees under 42 U.S.C. § 1988.

### THIRD DEFENSE

Defendants assert that the Complaint fails to state a claim against the defendants upon which relief can be granted.

### FOURTH DEFENSE

Defendants assert they have not engaged in any custom or practice, nor have they adopted any ordinance, which violates the clearly established constitutional or legal rights of the System.

### FIFTH DEFENSE

Defendants assert that they are entitled to sovereign immunity to the extent that the suit seeks damages which are not covered by insurance or a risk sharing agreement.

### SIXTH DEFENSE

Defendants assert that the claims for injunctive relief or prospective damages are not ripe for review.

7

## SEVENTH DEFENSE

Defendants assert the applicable statute of limitations bars the plaintiff's claims for damages to the extent those claims accrued more than three years prior to the commencement of this action.

## EIGHTH DEFENSE

Defendants assert the defenses of estoppel, waiver, laches, and accord and satisfaction regarding the allegations of curtailment of service or encroachment by the defendants.

WHEREFORE, the defendants pray that plaintiff's Complaint be dismissed on its merits and with prejudice; that the defendants have and recover their costs and disbursements herein; and that the Court grant the defendants such other and further relief as it deems just and proper under the circumstances.

**THE DEFENDANTS DEMAND TRIAL BY JURY.**

Dated this 11th day of June, 2015.

RICHARDSON, WYLY, WISE, SAUCK
 & HIEB, LLP


By   /s/ Jack H. Hieb
         Attorneys for Defendants

One Court Street
Post Office Box 1030
Aberdeen, SD  57402-1030
Telephone No. 605-225-6310
Facsimile No. 605-225-2743
e-mail: jhieb@rwwsh.com

8

## **CERTIFICATE OF SERVICE**

        The undersigned, one of the attorneys for defendants, hereby certifies that on the 11th day of June, 2015, a true and correct copy of **ANSWER** was filed and served the federal court CM/ECF electronic filing system on:

Mr. Jeffrey A. Cole
Mr. William D. Sims
Zimmer, Duncan & Cole, LLP
Attorneys at Law
5000 South Broadband Lane, #119
Sioux Falls, SD  57108


                        /s/ Jack H. Hieb

9