```
            UNITED STATES DISTRICT COURT
              DISTRICT OF SOUTH DAKOTA
                 NORTHERN DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SIOUX RURAL WATER SYSTEM, INC., a Non-Profit Corporation | * * * | Civ. 15-1023 |
| Plaintiff, | * * | |
| -vs- | * * | **FORM 52 REPORT AND SCHEDULING INFORMATION** |
| CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the CITY OF WATERTOWN, | * * * * * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pursuant to the Court's Order for Form 52 Report and Scheduling Information, the parties to the above-entitled matter submit the following information to the Court:

1. **Participation in Rule 26(f) Meeting**.

    The following persons participated in a Rule 26(f) conference by meeting in Watertown, South Dakota, on July 9, 2015:

    **Plaintiff:**     Jeffrey A. Cole
                       William D. Sims
                       Zimmer, Duncan & Cole, LLP
                       5000 South Broadband Lane, #119
                       Sioux Falls, SD  57108

    **Defendants:**    Jack H. Hieb
                       Richardson, Wyly, Wise, Sauck
                         & Hieb, LLP
                       One Court Street
                       Post Office Box 1030
                       Aberdeen, SD  57402-1030

2. **Initial Disclosures**.

    The parties will complete by August 15, 2015, the initial disclosures required by Rule 26(a)(1).

3. **Discovery Plan**.

    The parties propose the following discovery plan:

(a) Discovery will be needed on these subjects:

All issues set forth in the Complaint and all defenses raised in defendants' Answer.

(b) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery:

Commence discovery: August 15, 2015
Complete discovery: May 1, 2016

(c) Maximum number of interrogatories by each party to another party, along with the dates the answers are due:

Fifty (50). Answers are due thirty (30) days after interrogatories are served.

(d) Maximum number of requests for admission, along with the dates responses are due:

One hundred (100). Responses are due thirty (30) days after requests are served.

(e) Maximum number of depositions by each party:

Twenty (20).

(f) Limits on the length of depositions, in hours.

Seven (7).

(g) Dates for exchanging reports of expert witnesses:

Plaintiff: January 29, 2016
Defendant: March 31, 2016

(h) Dates for supplementation under Rule 26(e):

The parties will make supplemental disclosures within a reasonable time after the party becomes aware of information that should be disclosed under Rule 26(e), which, in any event, shall be completed no later than sixty (60) days prior to trial.

4. **Other Items**.

    (a)   Requested dates for telephonic pretrial conference:

           No pretrial conference is requested at this time.

    (b)   Final dates for the plaintiff to amend pleadings or to join parties:

           April 15, 2016.

    (c)   Final dates for the defendant to amend pleadings or to join parties:

           April 15, 2016.

    (d)   Final dates to file dispositive motions:

           August 1, 2016.

    (e)   State the prospects for settlement.

           The plaintiffs have not yet made a settlement demand. It is understood that the plaintiffs' board will be meeting later this month and will communicate with defendants after that meeting. Defendants' board meets at the end of the month and will consider whatever proposal, if any, is made by the plaintiffs. At this point, the prospects for settlement are uncertain.

    (f)   If the parties are unable to reach a settlement, each party shall state whether the party agrees after discovery has been completed to a mediation session (without charge) before a United States Magistrate Judge:

           The parties are undecided at this time. The parties will let the Court know if they believe mediation could be helpful in the resolution of this matter.

    (g)   If the parties are ultimately unable to reach a settlement will you consider a trial to be conducted by a United States Magistrate Judge and advise the District Court of your decision at a later date?

           Yes.

    (h)    Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists:

           Thirty (30) days before trial.

    (i)    Final dates to file objections under Rule 26(a)(3):

           Seven (7) days prior to trial.

    (j)    Suggested trial date and estimate of trial length.

           The parties anticipate the case being ready for trial by September, 2016. The parties anticipate the case will take approximately five days to try.

    (k)    Other matters.

5.    **Description of the case**.

    (a)    A brief narrative of the facts giving rise to the lawsuit, description of legal claims and defenses:

           **Plaintiff describes the facts giving rise to its claim as follows:**

           Plaintiff claims that it is, and has been since 1974, a non-profit water corporation created under the laws of the State of South Dakota. Plaintiff claims that since 1974, it has maintained and operated a water system for the purpose of conserving, controlling, and distributing potable water to homes, businesses, pastures, towns and elsewhere in its service territory.

           Plaintiff further claims that it is a federally indebted association under the Farms Home Administration and Department of Agriculture Loans, Resolution and Security Agreements dating back to the plaintiff's inception in 1974. Plaintiff therefore claims it is entitled to the benefits and protections of 7 U.S.C. § 1926(b).

           Plaintiff claims that the defendants, acting under color of state law, have violated 7 U.S.C. § 1926(b) and in so doing, have damaged the plaintiff in an amount plaintiff proposes to prove at the time of trial. Plaintiff asks for damages, attorney's fees, and costs, and asks for further declaratory injunctive relief against the defendants.

4

**Defendants describe the facts as follows:**

Defendants agree that the plaintiff is a non-profit entity existing under the laws of the State of South Dakota. Defendants further agree that the plaintiff has existed since 1974 and has maintained and operated a water system in an area near the City of Watertown.

While the plaintiff may be entitled to the protections of 7 U.S.C. § 1926(b) (in certain circumstances), the defendants do not agree that they have violated any of those protections in circumstances where the plaintiff is entitled to such protection. The defendants assert that the protections afforded by 7 U.S.C. § 1926(b) were never intended to be used in the manner in which the plaintiff is attempting to use them in this lawsuit. The plaintiff is essentially attempting to use the protections as a "sword" as opposed to the "shield" that Congress intended for those protections to be used in order to protect the members of the Rural Water entity.

Defendants deny that they have violated 7 U.S.C. § 1926(b) and further deny that the plaintiff is entitled to any damages. Furthermore, at this point, the plaintiff has failed to identify, with any degree of particularity, the basis for its damage claims, and the defendants are unable to determine what customers the plaintiff is alleging the defendants have taken from the plaintiff in a way that would give rise to a valid claim under the aforementioned statute. Additionally, the defendants believe that the majority, if not all, of the plaintiff's damage claims brought pursuant to 42 U.S.C. § 1983 are barred by the applicable statute of limitations. Finally, the defendants assert that declaratory or injunctive relief are not available to the plaintiff in the fashion they seek to use them in this case. This is due to the fact that the test for determining violations of 7 U.S.C. § 1926(b) adopted by the Eighth Circuit Court of Appeals requires a case-by-case analysis, which makes plaintiff's request for permanent injunctive or declaratory relief regarding future acts improper.

(b) Brief statement of material issues to be resolved.

    1. Is the plaintiff is entitled to protection under 7 U.S.C. § 1926(b)?

2. Does 7 U.S.C. § 1926(b) pre-empt SDCL 9-47-22 and/or SDCL 9-47-23?

3. Have defendants violated 7 U.S.C. § 1926(b) in a way that affords plaintiff entitlement to damages under 42 U.S.C. § 1983?

4. Plaintiff claims an entitlement to a determination of whether it has the right to serve the users and prospective users within the plaintiff's service area.

5. Plaintiff claims an entitlement to an order from the Court affirming the plaintiff's present service area and extending the plaintiff protection provided by 7 U.S.C. § 1926(b) to future users within the plaintiff's service area through some form of prospective relief.

6. What damages, if any, has plaintiff sustained which were caused by the alleged violations of the defendants?

7. Whether the plaintiff is entitled to attorney's fees and costs and, if so, the reasonable amount thereof.

8. Whether some or all of the plaintiff's damage claims are barred by the applicable statute of limitations.

ZIMMER, DUNCAN & COLE, LLP

Dated: 7-15-15

By _____
Jeffrey A. Cole

By _____
William D. Sims

5000 South Broadband Lane, Ste. 119
Sioux Falls, SD 57108
Telephone No. 605-361-9840
e-mail: jcole@zdclaw.com
        bill@zdclaw.com

6

RICHARDSON, WYLY, WISE, SAUCK
& HIEB, LLP

Dated: 7/15/15       By _____
                       Attorneys for Defendants

One Court Street
Post Office Box 1030
Aberdeen, SD  57402-1030
Telephone No. 605-225-6310
e-mail: jhieb@rwwsh.com
        zpeterson@rwwsh.com