
| | |
|---|---|
| SIOUX RURAL WATER SYSTEM, INC., A Non-Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the City of Watertown,<br><br>Defendants. | CIV 15-1023-CBK<br><br>OPINION AND ORDER |

## INTRODUCTION

Sioux Rural Water System, Inc. ("Sioux") is a South Dakota corporation formed in 1974 to provide water to rural Codington, Deuel, and Hamlin Counties in South Dakota. Sioux is a not-for-profit corporation organized under the South Dakota Nonprofit Corporation Act, SDCL Chapter 47-22 and 26 U.S.C. § 501(c)(3). Sioux submitted articles of incorporation to the South Dakota Secretary of State listing as its purposes *inter alia*:

    A. To acquire, construct, maintain, and operate a system for the diversion, supply, storage, and distribution of water to the members of this Corporation for domestic purpose (sic) <u>within the area served</u> by the Corporation in the Counties of Hamlin, Codington, and Deuel, South Dakota, and

    B. To acquire by appropriation or otherwise, and to lease, sell or dispose of water and water rights for domestic purposes (emphasis supplied).

In order to finance the building of its water system, Sioux took out loans from the United States Department of Agriculture ("USDA") under the Consolidated Farm and Rural Development Act, 7 U.S.C. §§ 1921 *et seq*. That Act authorized the Secretary of Agriculture to make or insure loans to, *inter alia*, nonprofit corporations, to provide water

services "primarily serving farmers, ranchers, farm tenants, farm laborers, rural businesses, and other rural residents." 7 U.S.C. § 1926(a). It is undisputed that Sioux is and has been continuously indebted to the USDA since 1974 by virtue of loans from the Rural Development Agency issued pursuant to 7 U.S.C. § 1926(a). Sioux makes payments on its USDA loans from revenue it receives from the sale of water to its customers.

Sioux's USDA loans are secured in part by the income Sioux receives from the sale of water to its customers. Federal law affords federally indebted rural water associations (which includes corporations not operated for profit, Indian tribes on Federal and State reservations and other federally recognized Indian tribes, and public and quasi-public agencies) the exclusive right to provide water service to current and prospective customers in the service area until the federal loans are paid in full. 7 U.S.C.A. § 1926(b). Section 1926(b) protects indebted rural water associations from loss of customers by prohibiting municipal entities from, *inter alia*, providing water services to customers in the service area. Public Water Supply Dist. v. City of Lebanon, Mo., 605 F.3d 511, 515 (8th Cir. 2010). Federal law specifically provides:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C. § 1926(b).

> 7 U.S.C. 1926(b) was enacted to protect the service area of Agency borrowers with outstanding loans . . . from loss of users due to actions or activities of other entities in the service area of the Agency financed system. Without this protection, other entities could extend service to users within the service area, and thereby undermine the purpose of the congressionally mandated water and waste loan and grant programs and jeopardize the borrower's ability to repay its Agency debt.

2

7 C.F.R. § 1782.14(a).

As a USDA borrower, it is Sioux's responsibility to initiate suit against any entity violating § 1926(b) by curtailing the borrower's exclusive right to provide water in its service area. 7 C.F.R. § 1782.14(b).

Sioux filed suit against the City of Watertown and Watertown Municipal Utilities ("Watertown"), seeking protection from loss of customers under § 1926(b). Sioux's suit against Watertown alleges that the City of Watertown has annexed territory and has extended water supply service to areas within Sioux's service territory, taking existing and potential customers from Sioux, in violation of federal law.

Sioux filed a motion for summary judgment seeking (1) an injunction enjoining Watertown from providing water service to Sioux's current customers, (2) partial summary judgment on the issue of liability as to the provision of services to certain potential customers, (3) summary judgment on the issue of whether Sioux is required to provide fire protection to any customer as a prerequisite for § 1926(b) protection, and (4) summary judgment as to Watertown's affirmative defenses of estoppel, laches, and waiver.

Watertown filed a cross-motion for summary judgment, contending that Sioux is not entitled to the protection it seeks. Watertown contends that (1) Sioux does not have a legal right to serve customers in the disputed area, and (2) Sioux does not have the prerequisite physical ability to serve customers in the disputed area.

## DECISION

"Congress enacted section 1926(b) to encourage rural water development and to provide greater security for [USDA] loans." Rural Water System #1 v. City of Sioux Center, 202 F.3d 1035, 1038 (8th Cir. 2000). "[A]ny doubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the [USDA] indebted party seeking protection from its territory." *Id.* (*quoting* Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow, 191 F.3d 1192, 1197 (10th Cir. 1999)).

3

Watertown contends that Sioux is not entitled to § 1926(b) protection because (1) Sioux does not have the legal right to serve the customers at issue, (2) Sioux does not have the ability to serve the customers at issue, and (3) Sioux is equitably barred from asserting § 1926(b) protection. I reject such contentions as to one and three.

## I.  Legal Right to Provide Service under South Dakota Law.

Watertown contends that, under South Dakota law, Sioux does not have the right to serve the customers at issue. Watertown contends that Sioux has no defined territory and SDCL 9-47-22 therefore applies to give Watertown the right of first refusal to serve the customers within three miles of the Watertown city limits. I reject these Watertown contentions.

In 1972, the South Dakota legislature adopted comprehensive statutes for the use of water resources in the state. SDCL Chapter 46A. Chapter 46A includes laws for the establishment of the South Dakota Conservancy District, water development districts, irrigation districts, water user associations, water user districts, drainage districts, and water project districts, all having clearly defined boundaries. Sioux is not a water district established under Chapter 46A but is instead a not-for-profit corporation organized under the South Dakota Nonprofit Corporation Act, SDCL Chapter 47-22 and 26 U.S.C. § 501(c)(3). Sioux's boundaries are set forth in its articles of incorporation - Codington, Deuel, and Hamlin Counties.

In 1989, the South Dakota legislature enacted SDCL 9-47-22 which provides:

> If a rural water system is requested after July 1, 1989, to provide water service to any person who resides within three miles of a municipality owning and operating a water supply system, the rural water system shall promptly notify such municipality of such request in writing. Within sixty days from the receipt of such notice, the municipality may elect to provide water service to such person. If the municipality does not so elect, the rural water system may provide such service.

SDCL 9-47-23 provides:

> If a rural water system provides service to a person whom a municipality has declined to serve, pursuant to § 9-47-22, and the municipality thereafter elects to provide water service to such

4

> person, the municipality shall first purchase the facilities of the rural water system which were required and used to provide service to such person. The purchase price shall be the present day reproduction cost, new, of the facilities being acquired, less depreciation computed on a thirty-year straight-line basis, plus an amount equal to the cost on a nonbetterment basis of constructing any necessary facilities to reintegrate the system of the rural water system after detaching the portion to be sold; plus as compensation for service rights, an annual amount, payable each year for a period of five years, equal to the sum of five percent of the gross revenues received from the sale of water service to such person during the five-year period. Gross revenues received shall be determined by applying the rate in effect by the purchased rural water system at the time of purchase.

Watertown contends the above statutes give Watertown a right of first refusal to provide service to customers within three miles of city limits. Watertown's assertion would result in an *ex post facto* right to curtail the area served by Sioux, in violation of § 1926(b). The issues in this case arise out of Watertown's continued annexation of territory. Each time Watertown annexes territory, the three mile zone (in which Watertown contends it has the right to provide water service) pushes further and further into Sioux's territory.

Watertown's assertion that state law gives it the right of first refusal to provide water service in what, prior to annexation, was Sioux's territory is contrary to federal law. Section 1926(b) pre-empts any state law that would allow a municipality to curtail Sioux's service area.

The South Dakota statutory scheme would permit Watertown (and others) to take property rights as to which the United States has rights as a secured party. This is something that runs afoul of federal supremacy.

## II.  Legal Right to Provide Service under Federal Law.

The Eighth Circuit applies a well-established three-part test for determining whether a rural water entity is entitled to protection under § 1926(b):

> To qualify for protection, an entity must: (1) be an "association" under the statue, (2) have a qualifying federal loan, and (3) have provided or made service available to the disputed area.

5

Public Water Supply Dist. v. City of Lebanon, 605 F.3d 511, 521 (8th Cir. 2010). There is no genuine issue of material fact that Sioux is a qualifying rural water entity entitled to seek enforcement under § 1926(b) and no issue as to whether it has qualifying loans. Watertown contends that Sioux is not entitled to § 1926(b) protection because it does not satisfy the "making service available" prerequisite. An evidentiary hearing will be required to address this contention.

"Making service available has two components: (1) the physical ability to serve an area; and (2) the legal right to serve an area." Public Water Supply Dist. v. City of Lebanon, 605 F.3d at 521 (*quoting* Rural Water System #1 v. City of Sioux Center, 202 F.3d at 1037).

As set forth above, Sioux does have the legal right to serve the areas at issue in this case. Watertown asserts, however, that Sioux does not have the physical ability to serve the areas at issue. The "physical ability to serve" an area is referred to as the "pipes in the ground" test. Public Water Supply Dist. No. 3 of Laclede County, Mo. v. City of Lebanon, Mo., 605 F.3d 511, 523 (8th Cir. 2010). This test requires the court to determine "whether a water association 'has adequate facilities within or adjacent to the area to provide service to the area within a reasonable amount of time after a request for service is made.'" Id. (*quoting* Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow, 191 F.3d 1192, 1202 (10th Cir. 1999)).

There is no genuine issue of material fact that any attempt by Watertown to annex areas already served by Sioux followed by claimed "water rights" would amount to curtailing Sioux's service area in violation of federal law. Clearly, Sioux had "pipes in the ground" as to the customers it was serving prior to Watertown's annexation.

Genuine issues of material fact exist as to whether Sioux can satisfy the "pipes in the ground" test as to customers in any area annexed by Watertown (and thus now within three miles of city limits). Genuine issues of material fact also exist as to "pipes in the ground" in other areas in Codington County.

6

## III. Injunctive Relief.

Sioux seeks an injunction enjoining Watertown from providing service to any of Sioux's current customers. Genuine issues of material fact exist as to whether there is an adequate remedy at law if Watertown acts in violation of § 1926(b). Watertown is on notice, however, that there is no genuine issue of material fact that providing water service to Sioux's existing customers is in fact a violation of federal law, entitling Sioux to relief. Whether that relief is injunctive or monetary, or both, remains to be seen.

## IV. Fire Protection as a Prerequisite to §1926(b) Protection.

Watertown claims that Sioux does not have source capacity (adequate supply of water or adequate water pressure) to provide fire protection to the customers at issue. Sioux seeks summary judgment as to any claim it is required to provide fire protection as a prerequisite to § 1926(b) protection.

Watertown has cited no federal law or regulation that conditions Section 1926(b) protection on the ability of a rural water provider to provide fire protection to its customers. Indeed, the courts that have addressed the issue have rejected such requirement. "It is well established that a water district's ability to provide water for fire protection is not a factor the court should analyze when determining whether the district has made service available." Rural Water Dist. No. 4, Douglas City, Kan. v. City of Eudora, Kan., 659 F.3d 969, 982 (10th Cir. 2011). "Section 1926(b) of the Agricultural Credit Act, Title 7 U.S.C. § 1921 et seq. was not enacted for the purposes of fire protection - it was enacted to provide means of securing a 'safe and adequate supply of running household water.'" Rural Water Dist. No. 3 v. Owasso Utilities Auth., 530 F. Supp. 818, 823 (N.D. Okla. 1979). *Accord*, Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow, 191 F.3d at 1206 n. 10 ("a water association's capacity to provide fire protection is irrelevant to its entitlement to protection from competition under § 1926(b)").

Sioux is entitled to summary judgment on any claim that its failure to provide or inability to provide fire protection precludes its ability to enforce § 1926(b).

## V. Affirmative defenses.

Watertown asserted in its answer the affirmative defenses of, *inter alia*, estoppel, laches, and waiver. Specifically, Watertown contends that Sioux previously engaged in negotiations with Watertown pursuant to SDCL 9-47-22 and 23 when Watertown annexed new territory in Codington County. This contention by Watertown is correct. Watertown further contends that Sioux is therefore equitably barred from claiming it is entitled to § 1926(b) protection and that state law dealing with Watertown's right of first refusal does apply. Sioux seeks summary judgment striking those defenses.

Sioux is entitled to summary judgment as to the foregoing claimed equitable defenses. One of the purposes of § 1926(b) is "to safeguard the interest of the United States in having its loans repaid." Jennings Water, Inc. v. City of N. Vernon, Ind., 682 F. Supp. 421, 426 (S.D. Ind. 1988), aff'd, 895 F.2d 311 (7th Cir. 1989). In this suit, Sioux is fulfilling its responsibility to initiate suit against any entity violating § 1926(b) and thereby possibly impairing Sioux's ability to repay its USDA loans. The federal government may be estopped only by proof of the affirmative misconduct of its employee. Bartlett v. U.S. Dep't. of Agriculture, 716 F.3d 464, 475 (8th Cir. 2013). However, there is no authority for holding that a private party (Sioux in this case) can, by its conduct, waive the right to enforce a federal statute intended to protect the federal government.

## VI. Watertown's Motion for Summary Judgment.

Watertown seeks a summary judgment that Sioux does not have the legal right to serve customers in the disputed area. As set forth above, I find that, as a matter of law, Sioux does have the legal right to serve customers in the disputed area if Sioux meets its burden to prove the "pipes in the ground" test.

Watertown also seeks a summary judgment that Sioux does not have the prerequisite physical ability to serve customers in the disputed area. As set forth above, I find that genuine issues of material fact exist as to whether Sioux satisfies the "pipes in the ground" test as to the disputed areas.

8

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. Sioux's motion, Doc. 22, for summary judgment is granted in part and denied in part. As a matter of law, I find that Sioux has the legal right to provide services to its existing customers and future customers in its service territory of Codington, Deuel, and Hamlin Counties in South Dakota. Genuine issues of material fact exist as to whether Sioux is entitled to injunctive or monetary relief, or both. As a matter of law, I find that Sioux is not required to provide fire protection as a prerequisite to having the legal right to assert protection under 7 U.S.C. § 1926(b). As a matter of law, I find that Watertown cannot assert the affirmative defenses of estoppel, laches, or waiver in defense of Sioux's claims.

2. Watertown's motion, Doc. 28, for summary judgment is denied.

Dated this 7th day of April, 2017.

BY THE COURT:

*Charles B Kornmann*
CHARLES B. KORNMANN
United States District Judge