```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH DAKOTA
                        NORTHERN DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| SIOUX RURAL WATER SYSTEM, INC., | * | Civ. 15-1023 |
| a Non-Profit Corporation | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | **DEFENDANTS' REQUESTED** |
| | * | **JURY INSTRUCTIONS** |
| CITY OF WATERTOWN, a South Dakota | * | |
| Municipality, and WATERTOWN | * | |
| MUNICIPAL UTILITIES, an agency of | * | |
| the CITY OF WATERTOWN, | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

In accordance with the Court's Order Fixing Trial Dates (Doc. 56), the defendants, City of Watertown and Watertown Municipal Utilities, submit the following as their requested jury instructions:

| No. | Authority | Title |
|---|---|---|
| 1 | 8th Cir. Model Instruction 1.03 | Explanatory: General; Nature of Case; Burden of Proof; Duty of Jury; Cautionary |
| 2 | 3 Federal Jury Practice and Instructions, § 104.40 (5th Ed.). | Expert Testimony |
| 3 | 7 U.S.C. §1926(b); <u>Sequoyah County Rural Water District No. 7 v. Town of Muldrow</u>, 191 F.3d 1192, 1203 (10th Cir. 1999) (The "pipes in the ground" test is customer-specific.) | Disputed Customers |
| 4 | 7 U.S.C. §1926(b); <u>Public Water Supply Dist. v. City of Lebanon</u>, 605 F.3d 511, 521 (8th Cir. 2010); <u>Sequoyah Cty. Rural Water Dist. No. 7 v. Town of Muldrow</u>, 191 F.3d 1192, 1197 (10th Cir. 1999). | 7 U.S.C. § 1926(b) - Elements |

| 5 | Pub. Water Supply Dist. No. 3 v. City of Leb., 605 F.3d 511, 522-23 (8th Cir. 2010); Rural Water Dist. No. 1 v. City of Wilson, 243 F.3d 1263, 1271 (10th Cir. 2001). | Made Service Available |
|---|---|---|
| 6 | Pub. Water Supply Dist. No. 3 v. City of Leb., 605 F.3d 511, 522 (8th Cir. 2010); Bell Arthur Water Corp. v. Greenville Utils. Comm'n, 972 F.Supp. 951, 962 (E.D.N.C. 1997) | Made Service Available - abilities of water system |
| 7 | Pub. Water Supply Dist. No. 3 v. City of Leb., 605 F.3d 511, 522-23 (8th Cir. 2010); Rural Water Dist. No. 1 v. City of Wilson, 243 F.3d 1263, 1271 (10th Cir. 2001); Rural Water District No. 4 v. City of Eudora, Kan., 659 F.3d 969, 982 (10th Cir. 2011). | Made Service Available - unreasonable, excessive, and confiscutory rates |
| 8 | Federal Jury Practice and Instructions, Fifth Ed., O'Malley, Grenig & Lee, §129.01 (modified). | Damages |

Dated this 14th day of August, 2017.

        RICHARDSON, WYLY, WISE, SAUCK
         & HIEB, LLP


By    /s/ Zachary W. Peterson
      Attorneys for Defendants

One Court Street
Post Office Box 1030
Aberdeen, SD  57402-1030
Telephone No. 605-225-6310
Facsimile No. 605-255-2743
e-mail: zpeterson@rwwsh.com
       jhieb@rwwsh.com

## CERTIFICATE OF SERVICE

      The undersigned, one of the attorneys for defendants, hereby certifies that on the 14th day of August, 2017, a true and correct copy of **DEFENDANTS' REQUESTED JURY INSTRUCTIONS** was served electronically through the District Court CM/ECF filing system on:

(jcole@zdclaw.com)
(bill@zdclaw.com)
Mr. Jeffrey A. Cole
Mr. William D. Sims
Zimmer, Duncan & Cole, LLP
Attorneys at Law
5000 South Broadband Lane, #119
Sioux Falls, SD  57108


                          /s/ Zachary W. Peterson

Defendants' Requested Instruction No. 1

Ladies and Gentlemen: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

This is a civil case brought by the plaintiff, Sioux Rural Water System, Inc. ("Sioux"), against the defendants, City of Watertown ("City") and Watertown Municipal Utilities ("WMU"). Sioux claims that it is a federally indebted rural water district and that it is entitled to certain rights provided to it by a federal statute that would preclude a municipality such as the City and an entity such as WMU from selling water within the water district's federally protected territory.  Sioux claims that certain "Disputed Customers" are in Sioux's federally protected territory, and that defendants have violated Sioux's rights by providing water to the Disputed Customers. Sioux seeks damages related to defendants' sale of water to the Disputed Customers.

The defendants deny that the Disputed Customers are in Sioux's federally protected territory.  The defendants further deny that Sioux is entitled to the federal protection.  The

00187101.WPD / 1

defendants contend that it was within its rights to provide water to the Disputed Customers because Sioux could not provide adequate water to the Disputed Customers within a reasonable time of when they requested water service.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions. That is how you will reach your verdict.

Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

Source: Eighth Circuit Model Instruction 1.03 (modified).

Defendants' Requested Instruction No. 2

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education or experience, has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for the opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

Source:   3 Federal Jury Practice and Instructions, § 104.40 (5th Ed.).

Defendants' Requested Instruction No. 3

Sioux claims the exclusive right to serve a number of water customers which are presently served by the defendants. These customers shall be referred to throughout these instructions as the Disputed Customers. You must determine whether Sioux has proven its claims with respect to each particular Disputed Customer. If Sioux proves the elements of its claims with respect to one Disputed Customer, it has not automatically proven those same elements with respect to all Disputed Customers.

Source:   7 U.S.C. §1926(b); Sequoyah County Rural Water District No. 7 v. Town of Muldrow, 191 F.3d 1192, 1203 (10th Cir. 1999) (The "pipes in the ground" test is customer-specific.)

Defendants' Requested Instruction No. 4

To prevail on its claim for violation of 7 U.S.C. § 1926(b), Sioux must prove the following by a preponderance of the evidence:

1. Sioux is an "association";
2. Sioux has a valid, continuing, uninterrupted indebtedness to the federal government;
3. Sioux could have made adequate water service available to the Disputed Customers when the water service was requested from the defendants or within a short period of time thereafter; and
4. Sioux's services were curtailed or limited by the defendants' service to each of those Disputed Customers.

Elements 1 and 2 have already been proven as a matter of law in this Court. You are to consider only whether Sioux has proven the third and fourth elements from the evidence presented to you. Each element of proof is fully independent of the others. You must make this determination separately for each of the Disputed Customers.

Source:   Pub. Water Supply Dist. No. 3 v. City of Leb, 521 (8th Cir. 2010); Sequoyah Cty. Rural Water Dist. No. 7 v. Town of Muldrow, 191 F.3d 1192, 1197 (10th Cir. 1999).

Defendants' Requested Instruction No. 5

Sioux has the burden of proof to show that it has "made service available" under 7 U.S.C. § 1926(b).  In considering whether Sioux made water service available to each of the Disputed Customers, you are instructed that Sioux made service available to a customer if, at the time that customer requested water service, Sioux had adequate facilities within or adjacent to the area to provide potable water service to that customer within a reasonable time.

If you find that Sioux has made service available to one or more of the Disputed Customers, you must proceed to determine whether the cost of such service would be unreasonable, excessive, and confiscatory.

If you find that Sioux has not made service available as to one or more of the Disputed Customers, you should enter judgment for the defendants as to the Disputed Customer(s).

Source:   Pub. Water Supply Dist. No. 3 v. City of Leb., 605 F.3d 511, 522-23 (8th Cir. 2010); Rural Water Dist. No. 1 v. City of Wilson, 243 F.3d 1263, 1271 (10th Cir. 2001).

Defendants' Requested Instruction No. 6

In considering the abilities of Sioux's water system, you are to consider its infrastructure, sources of water, the reliability and longevity of the sources of water, and existing obligations to customers at the time the Disputed Customers requested water service. Sioux must actually have had the capacity to provide the requisite water service within a reasonable time after the request for service was made without substantial improvements to its system. If more than minor improvements were required to provide water service, then Sioux's existing system was inadequate to provide water service within a reasonable time after the request for service was made. If you find that Sioux cannot provide water service with its then existing system with only minor improvements within a reasonable time, then you must find for the defendants.

Source:   Pub. Water Supply Dist. No. 3 v. City of Leb., 605 F.3d 511, 522 (8th Cir. 2010); Bell Arthur Water Corp. v. Greenville Utils. Comm'n, 972 F.Supp. 951, 962 (E.D.N.C. 1997).

00187101.WPD / 1

Defendants' Requested Instruction No. 7

If you determine that Sioux made service available to one or more of the Disputed Customers, you must then determine whether the cost of that service would be "unreasonable, excessive and confiscatory." This is a defense raised by the defendants, and it is, therefore, the defendants burden to establish the defense by a preponderance of the evidence.

The costs charged by Sioux for water service are not required to be competitive with costs charged by the defendants or any other competitor. However, if you find that Sioux's costs for water service to one or more of the Disputed Customers are unreasonable, excessive and confiscatory, then Sioux has not made service available to that customer or customers.

In making this determination, you should consider the following factors:

1.  Whether the costs charged by Sioux for water service allow it to yield more than a fair profit;
2.  Whether the costs charged by Sioux for water service establish a rate that is disproportionate to the services rendered;
3.  Whether other, similarly situated water districts do not follow the same cost practices as Sioux;
4.  Whether Sioux's costs for water service establish an arbitrary classification between various users;

5.  Whether a reasonable water customer is likely or unlikely to proceed with its planned construction in light of Sioux's cost of service;

6.  Whether Sioux's cost structure has been applied consistently over time; and

7.  Whether Sioux's cost structure is disproportionate to the value of the property to be served.

No one of these factors is dispositive of the issue, and you should consider the totality of the circumstances as you view them considering the evidence.

Source:   Rural Water District No. 4 v. City of Eudora, Kan., 659 F.3d 969, 982 (10th Cir. 2011).

Defendants' Requested Instruction No. 8

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Sioux on its claim for a particular Disputed Customer, you must determine Sioux's damages for that particular Disputed Customer. Sioux must prove its damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Here, Sioux claims recovery of its lost profits/net revenues due to the defendants' water sales to the Disputed Customers. Sioux must prove that, if it had sold water to a Disputed Customer, a certain level of profit on its sale of water would have been probable.

Your award must be based upon evidence and not speculation, guesswork, or conjecture.

SOURCE:   Federal Jury Practice and Instructions, Fifth Ed., O'Malley, Grenig & Lee, §129.01 (modified).

00187101.WPD / 1