UNTIED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SIOUX RURAL WATER SYSTEM, INC., a Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the CITY OF WATERTOWN<br><br>Defendants. | Civ. 15-1023<br><br><br><br>**PLAINTIFF'S<br>MOTION IN LIMINE NO. 1**<br><br>To Exclude Defendants from Claiming Fire Protection Is A Prerequisite To § 1926(b) Protection |

## INTRODUCTION

Defendants have identified the Watertown Fire Marshall and several developers as witnesses in this case, to discuss "the need for water service sufficient to support fire protection." *See* Defendants' Third Supplemental Disclosure Required by Rule 26(a) (1).

## DISCUSSION

This Court has ruled as a matter of law that the provision of fire protection is not a prerequisite to § 1926(b) protection. *See* Doc. 52 Opinion and Order. Any discussion concerning "fire protection" either through hydrants or sprinkler systems would mislead and confuse the jury, is not relevant under FRE 401, and would be unfairly prejudicial to Sioux under FRE 403. As this Court noted in its Opinion and Order:

> "It is well established that a water district's ability to provide water for fire protection is not a factor the court should analyze when determining whether the district has made service available." Rural Water Dist. No. 4, Douglas City, Kan, v. City of Eudora, Kan., 659 F.3d 969, 982 (10th Cir.

1

2011). "Section 1926(b) of the Agricultural Credit Act, Title 7 U.S.C. § 1921 et seq. was not enacted for the purposes of fire protection-it was enacted to provide means of securing a 'safe and adequate supply of running household water.'" <u>Rural Water Dist. No. 3 v. Owasso Utilities Auth.</u>, 530 F. Supp. 818, 823 (N.D. Okla. 1979). *Accord*, <u>Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow</u>, 191 F. 3d at 1206 n. 10 ("a water association's capacity to provide fire protection is irrelevant to its entitlement to protection from competition under §1926(b)").

## CONCLUSION

Any reference to "fire protection" has no place in this trial. Defendants should be ordered not to question any witnesses or solicit testimony concerning "fire protection" at this trial.

Dated this 14th day of August, 2017.

/s/ Jeff Cole
Jeff Cole
William D. Sims
ZIMMER, DUNCAN AND COLE, L.L.P.
5000 S. Broadband Lane, Suite 119
Sioux Falls, SD 57108
(605) 361-9840
jcole@zdclaw.com
bill@zdclaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of Plaintiff's Motion in Limine No. 1, was electronically filed and served via the CM/ECF system on this 14th day of August, 2017 to:

| Jack Hieb | Zachary W. Peterson |
| --- | --- |
| jhieb@rwwsh.com | zpeterson@rwwsh.com |

Dated this 14th day of August, 2017.

/s/ Jeff Cole
For the Firm