UNTIED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SIOUX RURAL WATER SYSTEM, INC., a Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the CITY OF WATERTOWN<br><br>Defendants. | Civ. 15-1023<br><br><br><br>**PLAINTIFF'S<br>MOTION IN LIMINE NO. 3**<br><br>To Exclude Jeff DeVille Testimony As An Undisclosed Expert Witness |

**INTRODUCTION**

Defendants identified Jeff DeVille, their Water Superintendent, as a witness in their first Initial Disclosures. In those Initial Disclosures, made by the Defendants on August 13, 2015, DeVille was identified as a witness having "working knowledge of the current operations relating to the provision of water by Watertown Municipal Utilities." No other knowledge was identified. Plaintiff took DeVille's deposition on February 16, 2016.

On June 29, 2017, 272 days after the deadline for disclosing witnesses, and 321 days after the deadline for disclosing expert witnesses, the Defense served a "Third Supplemental Disclosure Required By Rule 26(a)(1)". This disclosure now states that "Mr. DeVille has knowledge of various annexations which have taken place during his tenure as they relate to the provision of water. He also has knowledge of the amounts of

1

water used by the various customers identified by Sioux in their expert disclosures and the locations and sizes of pipes that are part of Sioux's system."

## DISCUSSION

Deville should not be allowed to testify on any issue concerning annexations by Watertown. This Court stated in its Opinion and Order that "there is no genuine issue of material fact that any attempt to annex areas already served by Sioux followed by the claimed 'water rights' would amount to curtailing Sioux's service area in violation of federal law." Doc. 52, p. 9.

Thus, the issue for trial is not whether there have been annexations—there clearly have—but whether Sioux has the physical ability to serve those areas annexed by Watertown and then served with water by Watertown.

DeVille should not be allowed to testify on the amounts of water used by the disputed customers or the size of Sioux's pipes. The amounts of water used by the disputed customers was provided by the Defense to the Defendants' experts. Defense experts can testify as to those amounts. Any testimony from DeVille would be duplicative and repetitive.

More importantly, DeVille should not be allowed to testify as a quasi-expert witness on the size of Sioux's pipes or the capacity of those pipes to provide water to a particular customer. Any water capacity is clearly within the realm of expert testimony and DeVille was not identified as an expert nor has any foundation for his "expertise" been established.  Plaintiff was not able to question DeVille at his deposition, over a year ago, about any expert testimony on *Sioux* he now apparently wants to give to the jury.

## CONCLUSION

DeVille should not be allowed to testify as a quasi-expert in this case when he was not identified as such an expert and when his testimony would be without foundation, duplicative and potentially misleading.

Dated this 14th day of August, 2017.

>/s/ Jeff Cole
>Jeff Cole
>William D. Sims
>ZIMMER, DUNCAN AND COLE, L.L.P.
>5000 S. Broadband Lane, Suite 119
>Sioux Falls, SD 57108
>(605) 361-9840
>jcole@zdclaw.com
>bill@zdclaw.com
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of Plaintiff's Motion in Limine No. 3, was electronically filed and served via the CM/ECF system on this 14th day of August, 2017 to:

| | |
|---|---|
| Jack Hieb | Zachary W. Peterson |
| jhieb@rwwsh.com | zpeterson@rwwsh.com |

Dated this 14th day of August, 2017.

>/s/ Jeff Cole
>For the Firm