UNTIED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SIOUX RURAL WATER SYSTEM, INC., a Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the CITY OF WATERTOWN<br><br>Defendants. | Civ. 15-1023<br><br><br><br>**PLAINTIFF'S TRIAL BRIEF** |

## **INTRODUCTION**

This Court has determined that all but one of the elements necessary for §1926(b) protection have been established as a matter of law. Sioux is a qualifying association, has federal debt, and has a legal right to serve the disputed areas. This Court has also determined that Watertown is curtailing the service area of Sioux, if Sioux can prove it made service available to the disputed customers and areas. The §1926(b) issue that remains to be decided at trial is whether Sioux has "made service available" by having the physical ability to serve one or more of the disputed customers within a reasonable amount of time of receiving a request for service. There also remains the damages issue—whether Sioux has suffered damages as a result of the Defendants' violation of § 1926(b).

1

## **DISCUSSION**

Sioux expects that it will prove that it has made service available to the disputed customers and area. Trial testimony will show that Sioux has pipes in the ground very close to the disputed areas and customers.

The Eighth Circuit has held that the "making service available" element has two components: (1) the physical ability to serve an area—the "pipes in the ground test" and (2) the legal right to serve—which this Court determined in Sioux's favor. Public Water Supply Dist., 605 F.3d at 521; see also Rural Water System #1, 202 F.3d at 1036.

The "pipes-in-the-ground" test asks whether Sioux has "in fact" made water service available to an area or a customer. "Under the 'pipes in the ground test' courts examine 'whether a water association has adequate facilities within or adjacent to the area to provide service within a reasonable amount of time after a request for service is made.'" Public Water Supply Dist., 605 F.3d at 523; see also Sequoyah, 191 F.3d at 1203 *quoting* Bell Arthur, 173 F.3d at 526; Moongate Water v. Butterfield Park Mut. Domestic, 291 F.3d 1262, 1267-68 (10th Cir. 2002); Le-ax Water Dist. v. City of Athens, Ohio, 346 F.3d 701, 707 (6th Cir. 2003); Village of Grafton v. Rural Lorain County Water, 419 F.3d 562, 566 (6th Cir. 2005); Chesapeake Ranch Water v. Bd. of Com'rs, 401 F.3d 274, 279 (4th Cir. 2005).

The Eighth Circuit has made it clear that "Congress enacted section 1926(b) to encourage rural water development and to provide greater security for FmHA loans . . ." and "any [d]oubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the FmHA-indebted party seeking protection for its territory." Rural Water System # 1. at 1038. Rural Water

System # 1 v. City of Sioux Center, 202 F.3d 1035, 1036 (8th Cir. 2000) ; see also Public Water Supply Dist. v. City of Lebanon, Mo., 605 F.3d 511, 515, (8th Cir. 2010).

The Eighth Circuit has held that the preference of the potential recipient of the water service is not a consideration under § 1926(b). Public Water Supply Dist. v. City of Lebanon, Mo., 605 F.2d 511, 522 (8th Cir. 2010). The Eight Circuit noted that allowing a recipient's preferences to restrict the methods a rural district can provide service would "significantly dilute § 1926(b)'s protection." Id. at 522. The Court noted that "we recognize that § 1926(b) can impose burdens on recipients, since granting rural districts an exclusive right to serve certain recipients also prevents recipients from choosing other service providers. This, however, is the choice Congress made in enacting the statute, and it is not the role of the courts to upset such policy decisions." Id. (citation omitted).

Sioux expects its manager, Heath Thompson to testify regarding general operations and future expansion plans Sioux is evaluating. He will also testify about water capacity and improvements to the water system. Further, he will describe the process for requesting service from Sioux, the process of hooking up and billing customers and responding to system needs.

Sioux expects Darin Schriever to testify as an expert witness. Mr. Schriever works for DGR Engineering, the company that has been involved with operations and engineering of Sioux's system for many years. Mr. Schriever will testify about how water service is generally provided to customers, the general state of the water system and plans for improvements in the system to meet demands. Sioux expects Schriever to testify that Sioux can and is meeting the demands of its current customers, that Watertown has encroached on Sioux's customers, that there are 192 customers in

dispute as a result of this encroachment, and that Sioux has the capacity to serve an additional 30-35 customers without making further improvements to the water system.

Sioux also expects that the testimony of Mr. Thompson and that of expert witness Richard Westbrook will prove that Sioux has suffered economic damages as a result of the Defendants curtailment of Sioux's service territory in violation of § 1926(b), with damages available under 42 U.S.C. § 1983. Mr. Westrbook will testify that Sioux has lost certain dollar amounts due to this encroachment and will have those amounts broken down into a per-customer number as well as a net loss to Sioux over the expected life of the current water system.

## CONCLUSION

At the conclusion of evidence, Sioux expects to have proven the remaining issues in this case—that of physical ability to serve all current customers and 30-35 additional customers, with more as improvements to the water system are completed, and damages due to Watertown's encroachment of its service territory.

Dated this 14th day of August, 2017.

                                          /s/ Jeff Cole
Jeff Cole
William D. Sims
ZIMMER, DUNCAN AND COLE, L.L.P.
5000 S. Broadband Lane, Suite 119
Sioux Falls, SD 57108
(605) 361-9840
jcole@zdclaw.com
bill@zdclaw.com
*Attorneys for Plaintiff*

4

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of Plaintiff's Trial Brief was electronically filed and served via the CM/ECF system on this 14th day of August, 2017 to:

| | |
|---|---|
| Jack Hieb | Zachary W. Peterson |
| jhieb@rwwsh.com | zpeterson@rwwsh.com |

Dated this 14th day of August, 2017.

*/s/ Jeff Cole*
For the Firm

5