PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_\_

**STATEMENT OF THE CASE**

Plaintiff Sioux Rural Water brings this civil case against the City of Watertown and Watertown Municipal Utilities. In these Instructions I will refer to the Plaintiff as Sioux Rural Water and the Defendants as Watertown and Watertown Municipal Utilities.

Sioux Rural Water alleges that Watertown and Watertown Municipal Utilities have violated Sioux Rural Water's rights under federal law by providing water to the customers that are disputed in this case. Sioux Rural Water asserts it has the physical ability to serve the disputed customers within a reasonable amount of time. Sioux Rural Water seeks damages for the past and future sales of water to these disputed customers.

Watertown and Watertown Municipal Utilities allege that Sioux Rural Water does not have the physical ability to serve the disputed customers within a reasonable amount of time. In addition, Watertown and Watertown Municipal Utilities deny that Sioux Rural Water has suffered any damages.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_\_

## ELEMENTS OF A CLAIM UNDER §1983

Sioux Rural Water is required to prove by the greater weight of the evidence the following in order to recover on its claim under Title 42 U.S.C §1983:

1. Watertown is a "person" liable under 42 U.S.C. §1983,

2. The actions of Watertown of selling water within the Sioux Rural Water Territory are taken "under color of state law."

3. Sioux Rural Water is a "person" who may maintain a 42 U.S.C §1983 claim,

4. The rights Sioux Rural Water seek to enforce, were granted to Sioux Rural Water by Federal law.

5. All of the elements of the claim for violation of Title 7 U.S.C. §1926(b).

You are directed that all of the required elements for Sioux Rural Water to recover on its §1983 claim have been established as a matter of law, except element number 5, which you will have to determine under Instruction \_\_\_\_.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

**ELEMENTS OF A CLAIM FOR VIOLATION OF TITLE 7 U.S.C. §1926(b)**

Sioux Rural Water is required to prove by the greater weight of the evidence the following in order to recover on its claim for violation of §1926(b):

1. That Sioux Rural Water is an "association";

2. That Sioux Rural Water is "indebted" on a loan originally obtained from the Federal Government;

3. That Sioux Rural Water has "made service available" to each of the Disputed Customers; and

4. That Watertown has sold or provided water to the Disputed Customers.

The Court has found as a matter of law that Sioux Rural Water is an "association" and is "indebted" for the purpose of having 7 U.S.C. §1926(b) protection.

The Court has also found as a matter of law, that Watertown has sold and is selling water to the Disputed Customers which is a limitation or curtailment of the service provided or made available by Sioux Rural Water.

Therefore, the only issue for you to decide is whether Sioux Rural Water "made service available" to each of the Disputed Customers.

If you determine that Sioux Rural Water has established these elements, you must enter a judgment for Sioux Rural Water and proceed to determine the appropriate amount of damages. If you find that Sioux Rural Water has not established all of these elements, you must enter a judgment in favor of Watertown.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_\_

## MADE SERVICE AVAILABLE—WITHIN OR ADJACENT

Sioux Rural Water has "made service available" if:

Sioux Rural Water has facilities within sufficient proximity to the property from which Sioux Rural Water could have provided potable water service to that customer within a reasonable time.  Water for fire protection is <u>not</u> to be considered.

In determining whether Sioux Rural Water has met the "made service available" element, you are to resolve "any doubt" and all "evidentiary uncertainties" in favor of Sioux Rural Water.  That means that it is presumed that Sioux Rural Water had made service available and that it is Watertown's burden to prove by clear and convincing evidence that Sioux Rural Water has not met the "made service available" element.

If you find Sioux Rural Water has not "made service available" as to one or more of the Disputed Customers, you should enter judgment for Watertown as to that Customer.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. \_\_\_\_

**MADE SERVICE AVAILABLE—FIRE PROTECTION
NOT TO BE CONSIDERED**

In considering whether Sioux Rural Water has made service available, fire protection is not to be considered. Sioux Rural Water has made service available for purposes of this case if it has made sufficient potable/household water service available.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

## MADE SERVICE AVAILABLE—ALL DOUBTS

In determining whether Sioux Rural Water has "made service available, if a piece of evidence is unclear or uncertain, you are to resolve "any doubt" as to that piece of evidence in favor of Sioux Rural Water.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

**CURTAILMENT OR LIMITATION OF SERVICE**

The Court has determined as a matter of law, that Watertown has curtailed or limited the service provided or made available by Sioux Rural Water because Watertown has provided potable water service to the Disputed Customers.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

In deciding this case the preference of the potential recipient of water for water from a source other than Sioux Rural Water is not a consideration for you in this case.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

**GENERAL MEASURE OF DAMAGES**

If you decide for Sioux Rural Water on its claims for violation of §1926(b) as to one or more of the Disputed Customers, you must then fix the amount of its damages. This is the amount of money that is needed to put Sioux Rural Water in as good a position as it would have been in if Watertown had not violated Sioux Rural Water's §1926(b) rights.

If you find there has been no damages, you should enter a nominal damage amount of $1.00.

UNTIED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SIOUX RURAL WATER SYSTEM, INC., a Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the CITY OF WATERTOWN<br><br>Defendants. | Civ. 15-1023<br><br><br><br>**VERDICT FORM** |

We the jury, empaneled and sworn in the above entitled case, upon our oaths, do make the following answers to the questions propounded by the Court:

### SECTION ONE

1.1. Does Sioux Rural Water have the physical ability to serve the disputed customer Watertown Auto Auction within a reasonable amount of time?

　　　　　_____Yes　　　　　　_____No

　　　Proceed to the remaining question in this section only if you answered "Yes" to this question.  If you answer "No" to this question, do not answer any more questions in this section, and proceed to the next question.

1.2　Insert below the amount of damages Sioux Rural Water has incurred due to Watertown providing potable water service to Watertown Auto Auction.  If you find there has been no damages, you should enter a nominal damage amount of $1.00.

　　　　$_____.

10

## SECTION TWO

2.1 Does Sioux Rural Water have the physical ability to serve the disputed customer Federal Express within a reasonable amount of time?

      _____Yes       _____No

Proceed to the remaining question in this section only if you answered "Yes" to this question. If you answer "No" to this question, do not answer any more questions in this section, and proceed to the next question.

2.2 Insert below the amount of damages Sioux Rural Water has incurred due to Watertown providing potable water service to Federal Express. If you find there have been no damages, you should enter a nominal damage amount of $1.00.

$_____.

## SECTION THREE

3.1 Does Sioux Rural Water have the physical ability to serve the disputed customer McFleeg Feeds within a reasonable amount of time?

      _____Yes       _____No

Proceed to the remaining question in this section only if you answered "Yes" to this question. If you answer "No" to this question, do not answer any more questions in this section, and proceed to the next question.

3.2 Insert below the amount of damages Sioux Rural Water has incurred due to Watertown providing potable water service to McFleeg Feeds. If you find there have been no damages, you should enter a nominal damage amount of $1.00.

$_____.

## SECTION FOUR

4.1 Does Sioux Rural Water have the physical ability to serve the disputed customer Cenex Harvest States within a reasonable amount of time?

      _____Yes       _____No

Proceed to the remaining question in this section only if you answered "Yes" to this question. If you answer "No" to this question, do not answer any more questions in this section, and proceed to the next question.

4.2   Insert below the amount of damages Sioux Rural Water has incurred due to Watertown providing potable water service to Cenex Harvest States. If you find there have been no damages, you should enter a nominal damage amount of $1.00.

$\$\underline{\hspace{2in}}$.

## SECTION FIVE

5.1   Does Sioux Rural Water have the physical ability to serve the disputed customer Terry Ingalls within a reasonable amount of time?

_____Yes          _____No

Proceed to the remaining question in this section only if you answered "Yes" to this question. If you answer "No" to this question, do not answer any more questions in this section, and proceed to the next question.

5.2   Insert below the amount of damages Sioux Rural Water has incurred due to Watertown providing potable water service to Terry Ingalls. If you find there have been no damages, you should enter a nominal damage amount of $1.00.

$\$\underline{\hspace{2in}}$.

## SECTION SIX

6.1   Does Sioux Rural Water have the physical ability to serve one or more of the disputed customers in the 20 house lots in KAK's Addition within a reasonable amount of time?

_____Yes          _____No

Proceed to the remaining question in this section only if you answered "Yes" to this question. If you answer "No" to this question, do not answer any more questions in this section, and proceed to the next question.

6.2   Insert below the amount of damages Sioux Rural Water has incurred due to Watertown providing potable water service to the 20 house lots in KAK's Addition. If you find there have been no damages, you should enter a nominal damage amount of $1.00.

$\$\underline{\hspace{2in}}$.

## SECTION SEVEN

7.1 Does Sioux Rural Water have the physical ability to serve to one or more of the disputed customers in 3 new house lots in KAK's Addition within a reasonable amount of time?

      _____Yes       _____No

Proceed to the remaining question in this section only if you answered "Yes" to this question. If you answer "No" to this question, do not answer any more questions in this section, and proceed to the next question.

7.2 Insert below the amount of damages Sioux Rural Water has incurred due to Watertown providing potable water service to 3 new house lots in KAK's Addition. If you find there have been no damages, you should enter a nominal damage amount of $1.00.

    $_____.

## SECTION EIGHT

8.1 Does Sioux Rural Water have the physical ability to serve one or more of the 157 disputed customers on the West Side of Watertown within a reasonable amount of time?

      _____Yes       _____No

Proceed to the remaining question in this section only if you answered "Yes" to this question. If you answer "No" to this question, do not answer any more questions in this section, and proceed to the next question.

8.2 Insert below the amount of damages Sioux Rural Water has incurred due to Watertown providing potable water service to one or more of the 157 customers on the West Side of Watertown. If you find there have been no damages, you should enter a nominal damage amount of $1.00.

    $_____.

Dated this\_\_\_\_day of_____, 2017.

_____
Signature of Jury Foreman

_____
Print name of Jury Foreman