UNTIED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| SIOUX RURAL WATER SYSTEM, INC., a Non-Profit Corporation<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WATERTOWN, a South Dakota Municipality, and WATERTOWN MUNICIPAL UTILITIES, an agency of the CITY OF WATERTOWN<br><br>Defendants. | Civ. 15-1023<br><br><br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE WITNESSES** |

Defendants disclosed their intent to call new witnesses to the case on June 29, 2017, 272 days after the Court-ordered deadline for discovery. Identifying these new witnesses on that late date is fundamentally unfair to Sioux because there is simply no time to conduct discovery. In addition, Defendants seek to call these witnesses to testify about matters that are not in issue in this case and which mislead the jury, while being unfairly prejudicial to Plaintiff. For these reasons, the witnesses should be excluded.

## FACTS

The court-ordered deadline to complete all discovery in this case was September 16, 2016. (9th Amended Rule 16 Scheduling Order) Under that same Order, the deadline to supplement discovery under Rule 26(e) was 60 days prior to trial. On June 29, 2017, 272 days after the deadline to complete discovery and exactly 60 days prior to trial, Defendants disclosed the existence of 11 new witnesses whom have not previously been disclosed or event mentioned during the pendency of this lawsuit. Defendants

1

included a "subjects of information" paragraph next to each witness that describes that witness's area of expected testimony. The common theme for each of these witnesses is that their respective desired testimony is on matters that are not relevant to this case, on issues not before the jury, that are misleading, confusing and unfairly prejudicial to Sioux Rural Water. Given the number of new witnesses, for the sake of brevity, each will be discussed topically *infra*.

## LAW

Fed. R. Civ. P. 26(a)(1) provides a duty for parties to disclose the name, address and subject of information for any individual likely to have discoverable information. Fed. R. Civ. P. 16 allows the Court to modify the timing of disclosures under Rule 26(a) and the extent of discovery. When the Court's Orders are disobeyed by a party, Fed. R. Civ. P. 37(b) and (c) provide that the Court may sanction such disobedience, including prohibiting the disobedient party from introducing designated matters into evidence. (Fed. R. Civ. P. 37(b)(2)(A)(ii)).

"When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008). Failure to disclose information in a timely manner is "equivalent to failure to disclose." Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (citation omitted). "The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." Wegener, 527 F.3d at 692. "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would

2

disrupt the order and efficiency of the trial, and the importance of the information or testimony. Id. (citations omitted). Watertown's failure to disclose is neither substantially justified nor harmless.

## ARGUMENT

11 of Watertown's witnesses were disclosed for the first time in Defendants' pleading dated June 29, 2017. Given the disclosure of these witnesses 272 days after the close of discovery, Sioux focuses on whether there is substantial justification for late disclosure and whether such disclosure is harmless. Neither test is met. The burden of showing substantial justification and/or harmlessness rests with Watertown. See Trost, 162 F.3d at 1008. Witnesses will be discussed in groups, below.

### 1. Mr. Virgil and Mrs. Sue Borns

These witnesses are named to testify about the development of the Borns Addition to Watertown. This description is not nearly sufficient enough to determine what, if any, information these individuals have that is relevant to the case at hand. According to Defendant's disclosures (see DEF 1663), Borns Addition was annexed into Watertown in 1995. As such, these witnesses were known to the City long before the recent disclosure. Further, these witnesses have had no known interaction with Sioux. To allow them in this case would require Sioux to depose them to determine the extent of their knowledge and expected testimony in the case. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 12 witnesses.

### 2. Ms. Heather Farnham

This individual is a member of Sioux. It is claimed that she has direct knowledge of communications with Sioux relating to this lawsuit. Sioux is not aware of any direct communications with this person, aside from documents generally available to the

public. Further, until 2016, this customer was a bulk customer in the city of Kranzburg and would have limited knowledge of Sioux's business operations.

Like other witnesses disclosed by Watertown, this person's "subject of knowledge" is so vague that Sioux cannot determine the necessity to depose her prior to trial. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 11 witnesses.

### 3. Mr. Steve Horning

This witness is named to testify about the development of the Isabella and KAK Additions to Watertown. This description is not nearly sufficient enough to determine what, if any, information this individual has that is relevant to the case at hand. Similar to the Borns, *supra*, KAK addition was in 2008. The Isabella addition is not known to Sioux.

This witness was known to the City long before the recent disclosure. Further, this witness has had no known interaction with Sioux. To allow him in this case would require Sioux to depose him to determine the extent of his knowledge and expected testimony in the case. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 11 witnesses.

### 4. Mr. Merlin Jeitz

This witness is named to testify about the development of the Hospitality, Fox and Pheasant Ridge Additions to Watertown. This description is not nearly sufficient enough to determine what, if any, information this individual has that is relevant to the case at hand. As described by Watertown, these developments occurred in 1984 (Fox/Stone's) and "1997-Present" (Pheasant Ridge). The Hospitality annexation is unknown to Sioux.

This witness was known to the City long before the recent disclosure. Further, this witness has had no known interaction with Sioux. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 11 witnesses.

**5. Mr. Greg Moes**

This person allegedly has knowledge of inability by Sioux to serve his property. He is a current customer of Sioux's with 9 active accounts. Sioux understands he is also a current customer of the Brookings Deuel Rural Water System. Sioux is not aware of any alleged inability to serve MoDak dairy and has had no contact with this member about water concerns during the tenure of the current manager (dating to 2013). As such, this person was apparently known to Watertown long before their disclosure. Given the limited nature of the disclosure, Sioux is at a serious disadvantage with this witness and would need to depose him to determine the extent of his knowledge and expected testimony in the case. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 11 witnesses.

**6. Ms. Joy Nelson**

This person allegedly has knowledge of "development activities" in Watertown. This is an extremely vague disclosure. Sioux cannot possibly know what relevant information Ms. Nelson has or what she may testify to that is at issue in this case. Sioux is at a serious disadvantage with this witness and would need to depose her to determine the extent of her knowledge and expected testimony in the case. There is not enough time prior to trial for this to occur. Further, Sioux is aware that Ms. Nelson has been coordinating efforts with Mr. Bill Folkerts (another developer disclosed as a witness by Defendants in April 2017). As such, Ms. Nelson was known to Watertown long before

their 11th hour disclosure. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 11 witnesses.

### 7. Mr. Chip Premus/Mr. Dan Radershadt

Mr. Premus is the firemarshal, and Mr. Radershadt the owner of a fireworks business that is required to have fire protection. These witnesses are presumably being named to testify about fire protection requirements and likely their opinion of Sioux's ability to provide fire protection to businesses like Mr. Radershadt's. The issue of fire protection, however, has already been determined to not be at issue in this case because Sioux was granted summary judgment on the fire protection issue. Sioux has filed a separate Motion on the fire protection issue as well.

Further, as with many other witnesses, these two gentlemen were known to Watertown from the outset of this case. There is not cause or justification for their presence in this case or this late disclosure. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 11 witnesses.

### 8. Mr. Eric Skott

Mr. Skott has alleged knowledge of a development in Sioux's territory and his "experience" with Sioux and its service. It is believed that Mr. Skott would be called to testify about fire protection, as his interaction with Sioux was many years before now related to the fire protection requirements of building a new residential subdivision with fire hydrants. As with Mr. Premus and Mr. Radershadt, *supra*, this witness was known to Watertown years before disclosure and will likely only offer information on a subject that is not relevant to this case. There is not cause or justification for his presence in this case or this late disclosure. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 11 witnesses.

6

**9. Mr. Albin Stromseth**

This person has alleged knowledge of Northern Con-Ag, Stromseth East Side and Stromseth Willow Creek additions to Watertown. Stromseth East Side is apparently a 2011 annexation and therefore this witness would have been known to Watertown from the outset of litigation. The other developments are not known to Sioux, which would require a deposition of this witness to determine the extent of his knowledge of information, if any, relevant to this case. Sioux is at a serious disadvantage with this witness and expected testimony in the case. The discovery deadline has long passed, and even if it had not there is not enough time prior to trial to depose 11 witnesses.

## CONCLUSION

Watertown has now disclosed 43 witnesses with similar general knowledge on the development of Watertown and/or fire protection. All of these witnesses were known to Watertown from the outset of the case. Many of them do not appear to have any relevant testimony to the issues remaining in the case. It is unfairly burdensome on Sioux to require it to depose all these witnesses to determine what specific knowledge they may have. There is no substantial justification for these witnesses to be disclosed so close to trial and 272 days from the discovery deadline.

WHEREFORE, Sioux asks that the Court exclude newly named witnesses/persons of knowledge disclosed on June 9, 2017.

## REQUEST FOR ORAL ARGUMENT BY TELEPHONE CONFERENCE CALL IF POSSIBLE.

Sioux hereby requests oral argument on this motion as it is particularly important for its final trial preparation, and asks that the argument be conducted by telephone conference.

Dated this 14th day of August, 2017.

> */s/ Jeff Cole*
> Jeff Cole
> William D. Sims
> ZIMMER, DUNCAN AND COLE, L.L.P.
> 5000 S. Broadband Lane, Suite 119
> Sioux Falls, SD 57108
> (605) 361-9840
> jcole@zdclaw.com
> bill@zdclaw.com
> *Attorneys for Plaintiff*
> *Sioux Rural Water System*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of Plaintiff's Brief in Support of Motion to Exclude Witnesses was electronically filed and served via the CM/ECF system on this 14th day of August, 2017 to:

| | |
|---|---|
| Jack Hieb | Zachary W. Peterson |
| jhieb@rwwsh.com | zpeterson@rwwsh.com |

Dated this 14th day of August, 2017.

> */s/Jeff Cole*
> For the Firm